IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEVEN HOWARD,

      Plaintiff,

v.                                          Civil Action No. 2:06cv74
                                              (Judge Maxwell)

**ELKINS CITY POLICE, RANDOLPH**
**COUNTY SHERIFF and STATE**
**POLICE OF ELKINS,**

      Defendants.

## OPINION/REPORT AND RECOMMENDATION

On July 21, 2006, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. Plaintiff, an inmate at the Mt. Olive Correctional Center, is proceeding *pro se* and *in forma pauperis*. On August 14, 2006, the defendant, Elkins City Police, filed a Motion to Dismiss for lack of jurisdiction and a Motion for More Definite Statement.[1] This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

### I. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee,

---

[1] The Court notes that on July 27, 2006, plaintiff filed a Certificate of Service stating that he served a copy of the complaint on the defendants by regular United States mail. It does not appear, however, that service was properly effected as no summonses were issued by the Court and plaintiff failed to file proof of service. Moreover, the Court notes that because plaintiff is proceeding *in forma pauperis*, he is entitled to Court ordered service via the United States Marshal Service. Nonetheless, the Court should only order service of process if, after an initial review of the complaint, the Court determines that plaintiff's claims are not frivolous or malicious and that plaintiff has stated a claim against the defendants. Because service does not appear proper in this instance, and because the undersigned finds that plaintiffs' complaint fails to state a claim, the pending motion to dismiss and motion for more definite statement filed by the Elkins Police Department should be denied without prejudice as moot.

the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II. Analysis

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added) "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type

---

[2] Id. at 327.

2

against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

In the instant case, plaintiff fails to provide the Court with any grounds for relief. In the three page complaint, plaintiff states that his Fifth Amendment rights were violated and his rights under Art. III, § 18 of the West Virginia Constitution. In support of his complaint, plaintiff merely states that he is an inmate at the Mt. Olive Correctional Complex and that the "police" have "refused to investigate and/or charge clear criminal felony actions committed against Plaintiff's home and property as well as his family." Plaintiff goes on to cite some West Virginia statutes and caselaw, never explaining the basis for his claims or even the facts giving rise to the complaint. Plaintiff concludes by saying that the stated "fact and Exhibit herein are clear warrant of this Complaint to be acted upon to Compel the local authorities to act as is required."[3] Moreover, as relief, plaintiff seeks an Order from the Court requiring the "AREA of Elkins to comply to Plaintiff's Equal Protection . . ." and to "prosecute those who have shot up Plaintiff's home and threatened his wife."

Based on the complaint, there are absolutely no facts or other information from which this Court can reasonably identify plaintiffs' claims. At best, plaintiff complains that the various police departments in the Elkins area have not adequately investigated his house being shot. However, plaintiff does not allege a single fact to support his claim. In fact, plaintiff does not even describe the event he would like the police to investigate. Accordingly, plaintiffs' claims are insufficiently pled and the complaint fails to state a claim for which relief can be granted.

---

[3] Plaintiff's exhibit appears to be a "love letter" to his wife in which he references his house getting shot, the fact that he hid his guns so the cops would not find them, that he is scared and on the run, and that he is taking care of himself and will contact her when he is on his feet again.

Accordingly, the complaint should be dismissed.  See Weller v. Dept. of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants).

### III.  Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint be DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e) for the failure to state a claim.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and any counsel of record.

DATED: August 16, 2006.

/s *John S. Kaull*

JOHN S. KAULL  
UNITED STATES MAGISTRATE JUDGE