# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STEVEN HOWARD,**

    **Plaintiff,**

**v.**                                                                 **2:06 CV 74**
                                                                        **(Maxwell)**

**ELKINS CITY POLICE, RANDOLPH**
**COUNTY SHERIFF and STATE**
**POLICE OF ELKINS,**

    **Defendants.**

## ORDER

It will be recalled that on July 21, 2006, *pro se* Plaintiff Steven Howard, an inmate at the Mt. Olive Correctional Center, initiated the above-styled civil action by filing a civil rights complaint against the above-named Defendants.

It will further be recalled that the case was referred to United States Magistrate Judge John S. Kaull for an initial review and report and recommendation pursuant to Rule 83.01 of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. §§ 1915(e) and 1915A.

It will further be recalled that, after conducting an initial screening and review, United States Magistrate Judge John S. Kaull issued an Opinion/Report and Recommendation on August 17, 2006. In his Opinion/Report and Recommendation, Magistrate Judge Kaull recommended that the Plaintiff's civil rights complaint be dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915A and 1915(e), for failure to state a claim. Additionally, Magistrate Judge Kaull recommended that the Motion To Dismiss and The Motion For More Definite Statement filed by Defendant Elkins City be

denied, without prejudice, as moot.

Subsequent to the issuance of Magistrate Judge Kaull's August 17, 2006, Opinion/Report And Recommendation, an Answer/Motion To Dismiss was filed by Defendant West Virginia State Police on August 29, 2007. Thereafter, on October 16, 2006, a second Opinion/Report And Recommendation was issued by Magistrate Judge Kaull. In his October 16, 2006, Opinion/Report And Recommendation, Magistrate Judge Kaull recommended that the Answer/Motion To Dismiss filed by Defendant West Virginia State Police be granted for the reasons set forth in August 17, 2006, Opinion/Report And Recommendation.

In each of his two Opinions/Reports and Recommendations, Magistrate Judge Kaull provided the Plaintiff with ten (10) days from the date he was served with a copy of the same in which to file objections thereto and advised the Plaintiff that a failure to timely file objections would result in the waiver of his right to appeal from a judgment of this Court based upon said Opinions/Reports and Recommendations.

The Plaintiff's Objection to Magistrate Judge Kaull's August 17, 2006, Opinion/Report And Recommendation was filed on August 22, 2006 (*See* Docket No. 13). The Plaintiff's Objection to Magistrate Judge Kaull's October 16, 2006, Opinion/Report And Recommendation was filed on October 25, 2006 (*See* Docket No. 22 ).

In his Objections, the Plaintiff asserts that Defendant Elkins City Police engaged in *ex parte* communication with the Court in light of the fact that the Plaintiff never received a copy of said Defendant's Motion To Dismiss and Motion For More Definite Statement. The Court has reviewed both the Defendant's Motion To Dismiss and Motion For More

Definite Statement, and the Certificate of Service on each of these pleadings indicate that copies of the same were sent to the Plaintiff at Mount Olive Correctional Complex. Clearly Defendant Elkins City Police attempted to serve copies of these pleadings on the Plaintiff and did not in any way attempt to communicate *ex parte* with the Court. Upon consideration of the remainder of the Plaintiff's objections, the Court would note that, although it appears that the Plaintiff has attempted to provide the Court with some facts in support of the claims he is attempting to make, those facts are not properly before the Court at this stage as they were not included within his Complaint. For that reason, the Plaintiff's Complaint, on its face, still fails to state a claim upon which relief can be granted, as found by the Magistrate Judge in his August 17, 2006, Opinion/Report And Recommendation.

Upon an independent *de novo* consideration of all matters now before the Court, it appears to the Court that the issues raised by the Plaintiff in his Complaint were thoroughly considered by Magistrate Judge Kaull in his two Opinions/Reports And Recommendations. Moreover, the Court is of the opinion that Magistrate Judge Kaull's Opinions/Reports and Recommendations accurately reflect the law applicable to the facts and circumstances before the Court in the above-styled civil rights action. Accordingly, it is

**ORDERED** that the Opinions/Reports And Recommendations entered by United States Magistrate Judge John S. Kaull on August 17, 2006 (Docket No. 12), and October 16, 2006 (Docket No. 20) be, and the same are hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendations of the Magistrate Judge. Accordingly, it is

**ORDERED** that, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Plaintiff's

Complaint (Docket No. 1) be, and the same is hereby, **DISMISSED, WITHOUT PREJUDICE,** for failure to state a claim, and **STRICKEN** from the docket of this Court.

In light of the dismissal of the Plaintiff's Complaint, It is further

**ORDERED** that the Motion To Dismiss and the Motion For More Definite Statement filed by Defendant Elkins City Police (Docket Nos. 10 and 11) be, and the same are hereby, **DENIED as moot.** It is further

**ORDERED** that the Motion To Dismiss Of Defendant West Virginia State Police (Docket No. 15) be, and the same is hereby, **GRANTED.** It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Defendants. It is further

**ORDERED** that, should the Plaintiff desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

**ENTER:** March 29, 2007

_____
United States District Judge